UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RYAN C. READING,

    Plaintiff,

v.                                          23-CV-498 (JLS) (JJM)

THE HOME DEPOT,
CITIBANK/CITIBANK NA,

    Defendants.

---

## DECISION AND ORDER

Plaintiff Ryan C. Reading commenced this case in June 2023, when he filed a complaint alleging claims related to the Home Depot credit card issued to him by Citibank and the interest charged to him based on that card. *See* Dkt. 1. As relevant here, Defendants The Home Depot and Citibank/Citibank NA answered the complaint.[1] Dkt. 5; Dkt. 19. This Court referred the case to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 18 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 6.

Defendants moved to compel arbitration and to stay proceedings in this Court. Dkt. 26. Reading opposed Defendants' motion (Dkt. 27), and Defendants replied (Dkt. 28). Judge McCarthy issued a decision and order granting, in part, and denying, in part, Defendants' motion. Dkt. 29. In particular, he concluded that

---

[1] The parties agreed to dismiss all other Defendants originally named in the complaint, leaving only Defendants The Home Depot and Citibank/Citibank NA as parties to this case. *See* Dkt. 22. All further references to "Defendants" in this decision and order are to The Home Depot and Citibank/Citibank NA.

Reading's claims against Citibank/Citibank NA must proceed to arbitration, but Reading's claims against The Home Depot were not subject to arbitration because Reading did not agree to arbitrate those claims. *See id.* at 3–6.

Reading filed a reply to Judge McCarthy's decision and order (Dkt. 30), which this Court construed as objections to the decision and order (Dkt. 32). Defendants responded to Reading's objections. Dkt. 35. Defendants filed their own limited objections to the decision and order, arguing that Judge McCarthy erred by denying their motion to compel arbitration of Reading's claims against The Home Depot.[2] Dkt. 34. Reading responded to Defendants' objections (Dkt. 37), and Defendants replied (Dkt. 39).

A district court may reverse a magistrate judge's decision and order on a non-dispositive motion that is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). A finding is "clearly erroneous if[,] 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Atl. Specialty Ins. Co. v. Coastal Env't Grp. Inc.*, 945 F.3d 53, 63 (2d Cir. 2019) (citations omitted). A magistrate judge's ruling is "contrary to law" if it fails to apply or misapplies relevant statutes, case law, or rules of procedure. *See, e.g., In re Hulley Enters. Ltd.*, 400 F. Supp. 3d 62, 70 (S.D.N.Y. 2019) (citations omitted).

The Court reviews both Reading's and Defendants' objections to the decision and order under the "clearly erroneous or contrary to law" standard because a court's

---

[2] Because Defendants filed their objections by the October 23, 2023 deadline set by Judge McCarthy, their objections are timely. *See* Dkt. 29, at 6; Dkt. 38.

2

disposition of a motion to compel arbitration is non-dispositive. *See Cumming Indep. Health Ass'n, Inc.*, No. 13-CV-969-A(F), 2014 WL 3533460, at *2 (July 16, 2014); *see also Manukian v. Pritchard Indus., Inc.*, No. 22-CV-10724 (JLR) (OTW), 2023 WL 6311287, at *1 n.2 (S.D.N.Y. Sept. 28, 2023); *GateGuard, Inc. v. Goldenberg*, 585 F. Supp. 3d 391, 394 n.2 (S.D.N.Y. 2022); *Chen-Oster v. Goldman Sachs & Co.*, 449 F. Supp. 3d 216, 227 n.1 (S.D.N.Y. 2020).

The Court carefully reviewed all parties' objections to the decision and order, as well as the relevant record. As to Reading's objections, the decision and order contains no clear error or conclusions that are contrary to law. In other words, Judge McCarthy's conclusions that (1) Reading received the Consumer Credit Brochure containing the Card Agreement, (2) the arbitration clause applies to Reading's claims against Citibank/Citibank NA, and (3) the case in this Court should be stayed pending arbitration, are neither clearly erroneous nor contrary to law. *See* Dkt. 29, at 2, 4–6.

But as to Defendants' objection, the conclusion in the decision and order—that Reading's claims against The Home Depot are not subject to arbitration—is contrary to law. *See id.* at 3. The plain language of the Card Agreement, read in its entirety, indicates that, based on Defendants' request, Reading must arbitrate all of the claims he raises here. *See* Dkt. 26-3, at 8 ("You or we may arbitrate any claim, dispute[,] or controversy between you and us arising out of or related to your account, a previous related account[,] or our relationship . . . .") (emphasis omitted); *id.* at 5 (defining "we, us, and our" as "Citibank, N.A., the issuer of your account," and defining "you, your, and yours" as "the person who applied to open the account") (emphasis omitted). The

3

above-cited provisions of the Card Agreement must be read alongside the following provision:

> Except as stated below,[3] all Claims are subject to arbitration, no matter what legal theory they're based on or what remedy . . . they seek . . . . This also *includes Claims made by or against anyone connected with us or you* or claiming through us or you, or by someone making a claim through us or you, *such as* a co-applicant, authorized user, employee, agent, representative[,] or *an affiliated/parent/subsidiary company*.

Dkt. 26-3, at 8 (emphasis added). Reading's claims undisputedly arise from his use of the Home Depot credit card issued to him by Citibank/Citibank NA. Defendants seek to arbitrate his claims—both the ones against Citibank/Citibank NA and the ones against affiliated company, The Home Depot. All claims in the case are subject to arbitration. *See Clarke v. Alltran Fin., LP*, No. 17-CV-3330 (JFB) (AYS), 2018 WL 1036951, at *2–*4 (E.D.N.Y. Feb. 22, 2018) (defendant, a non-signatory to the arbitration agreement, could compel arbitration of plaintiff's claims arising from a dispute related to a credit card issued by Citibank); *see also Morrison v. Home Depot*, No. 2:19-CV-517, 2019 WL 4854765, at *4 (S.D. Ohio Oct. 2, 2019) (granting defendants' motion to compel arbitration of all of plaintiff's claims based on card agreement related to a Home Depot/Citibank credit card).

Even if it were true that only Reading or Citibank/Citibank NA (as parties to the Card Agreement) could *initiate* arbitration, the plain language of the Card Agreement dictates that, once Citibank/Citibank NA did so, Reading's claims against The Home Depot would follow to arbitration. *See Madorskaya v. Frontline Asset*

---

[3] Neither Reading nor Defendants argues that any of the enumerated exceptions applies. *See* Dkt. 26-3, at 8–9.

*Strategies, LLC*, No. 19-CV-895 (PKC) (RER), 2021 WL 3884177, at *8 (E.D.N.Y. Aug. 31, 2021) ("[T]he Court agrees with and follows other courts that have concluded than an arbitration clause like the one here 'expressly permits only Citibank or Plaintiff to compel arbitration, but permits either of those parties to have other claims included in the arbitration.'") (citations omitted).[4]

The Court therefore concludes that all of Reading's claims are subject to arbitration.

## CONCLUSION

For the reasons stated above and in the decision and order, the Court affirms, in part, and reverses, in part, the decision and order (Dkt. 29) and grants Defendants' motion to compel arbitration (Dkt. 26) in its entirety. This case is stayed pending arbitration, pursuant to 9 U.S.C. § 3.

SO ORDERED.

Dated:   May 16, 2024
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

---

[4] The *Madorskaya* court's conclusion that the defendant in that case could not compel arbitration or have the plaintiff's claims against it arbitrated does not apply here. There, the defendant was "a debt collector hired by Citibank's assignee," and the relationship between the defendant and Citibank was "too attenuated for [the] [d]efendant to be considered 'connected with' Citibank." *Madorskaya*, 2021 WL 3884177, at *8. No such concerns exist here regarding the relationship between Defendants.